IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRAN HAMILTON, | No. C 13-2718 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CHAPLIN CHRISTINE MCNAMARA; C.O. RAMOS; CAPTAIN GAMBOR; A. W. WILSON; C.D.C.R., | |
| Defendants. | |

**INTRODUCTION**

Plaintiff, a California prisoner currently incarcerated at the California Training Facility, filed this pro se civil rights action pursuant to 42 U.S.C. 1983. After a review of the complaint, it is dismissed for failure to state a cognizable claim for relief.

**ANALYSIS**

A.  **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.   LEGAL CLAIMS

Plaintiff alleges that he was given a prison work assignment with defendant Chaplin Christine McNamara, and when he showed her his authorization for a disability accommodation, she referred him to prison supervisors to "figure it out." He alleges that she was "rude" and wanted a different worker. He alleges that defendant Ramos informed her that she could not have a different worker. These allegations do not state a cognizable claim for the violation of any of his constitutional rights. There is no American with Disabilities Act claim because, based upon his allegations, he was ultimately given the work assignment, an assignment that he elsewhere describes as one he did not want in any event. McNamara's verbal rudeness also does amount to a constitutional violation. *See Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981) (allegations of verbal harassment and abuse fail to state a claim cognizable under Section 1983). Consequently, the complaint fails to state a cognizable claim for relief.

//

**CONCLUSION**

This case is **DISMISSED** for failure to state a cognizable claim for relief.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July __24__, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE